IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PARRAN'S FLOORING CENTER, INC.,
et al.  :

v. : Civil Action No. DKC 11-1151

FORD MOTOR COMPANY :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of warranty action is an unopposed motion to remand filed by Plaintiffs Parran's Flooring Center, Inc., and Parran Wilkinson. (ECF No. 15). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be denied.

I. **Background**

On April 13, 2010, Plaintiffs bought a new 2010 Ford F-250 pickup truck, manufactured by Defendant Ford Motor Company, from an authorized Ford dealership in Lexington Park, Maryland. The total purchase price of the vehicle, including taxes and registration fees, was $62,315. Ford provided a written warranty to repair or replace parts or components that were found to be defective for three years or 36,000 miles. Plaintiffs encountered various problems with the truck's

electrical system in the first fifteen months after the sale and took it to an authorized Ford dealership for repairs under the warranty on numerous occasions.

When the dealership was unable to repair the vehicle, Plaintiffs commenced this action in the Circuit Court for St. Mary's County, Maryland. Their complaint alleges violations of the Maryland Automotive Warranty Enforcement Act, the Maryland Consumer Protection Act, and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq*. (ECF No. 2). For each violation, Plaintiffs seek "judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs, or in the alternative repurchase or replacement of the subject vehicle plus all collateral charges, incidental and consequential damages, [and] reasonable attorneys' fees." (*Id*. at 7).[1]

Defendant timely removed on the bases of federal question and supplemental jurisdiction. (ECF No. 1). In the notice of removal, Defendant observed that, under 15 U.S.C. §§ 2310(d)(1)(B) and (3)(B), a district court "has original jurisdiction over any [MMWA] claim where the amount in

---

[1] Because Plaintiffs did not number the pages of their complaint, references to page numbers are to the court's case management/electronic case filing system or to numbered paragraphs of the complaint.

2

controversy is $50,000 or greater, exclusive of interest and costs." (*Id*. at ¶ 2). Further noting that Plaintiffs seek as damages "an amount equal to the price of the subject vehicle," which according to the complaint is $62,315.00, Defendant argued that the amount in controversy exceeds the jurisdictional minimum in this case. Thus, according to Defendant, the MMWA claim presents a federal question over which the court has original jurisdiction pursuant to 28 U.S.C. § 1331, and the court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1441(c).

On October 12, 2011, Plaintiffs filed the pending motion to remand, arguing that the $50,000 threshold is not met in this case. (ECF No. 15). "[G]iven that the [MMWA] claim involves a breach of warranty," Plaintiffs contend, "the standard measure of damages is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." (*Id*. at ¶ 13 (internal marks and citation omitted)). According to Plaintiffs, because they "can only receive a percentage of the purchase price of the subject vehicle[,] . . . it is a legal certainty that damages under the [MMWA] claim . . . cannot meet the statutory amount of

$50,000.00 required for federal question jurisdiction." (*Id*. at 10).[2]

Defendant has not responded to Plaintiffs' motion.

## II. Analysis

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id*. at 701.

On the other hand, under the well-pleaded complaint rule, "the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). The amount will not be

---

[2] Plaintiffs' counsel attaches a purported affidavit, stating that "[i]f the remedy in this case under the [MMWA] claim exceeds $50,000.00, Plaintiff[s] will remit all excess to Defendant." (ECF No. 15, at 11). The document is not signed or notarized, however, and does not contain the requisite language for unsworn declarations under 28 U.S.C. § 1746.

4

conclusive, however, if it appears to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 393 U.S. 283, 288-89 (1938).

"The federal removal statute allows a defendant to remove to federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 138 (4th Cir. 1995) (quoting 28 U.S.C. § 1441(a)). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Where a district court has original jurisdiction over one or more claims, it may exercise "supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

The sole federal claim alleged in Plaintiffs' complaint is brought under the Magnuson-Moss Warranty Act, which "supplements State law with regard to its limited and implied warranty provisions." *Crickenberger v. Hyundai Motor America*, 404 Md. 37, 46 (2008). As the Court of Special Appeals of Maryland

explained in *Laing v. Volkswagen of America, Inc.*, 180 Md.App. 136, 154-56 (2008):

> The Magnuson-Moss Warranty Act . . . delineates two types of written warranties. Any warrantor who issues a written warranty shall "clearly and conspicuously" designate the warranty as "full" or "limited." 15 U.S.C.A. § 2303 (1975). By designating the warranty as "full," the warrantor incorporates the established federal minimum standards. 15 U.S.C.A. § 2304 (e) (1975). Section 2304 imposes federal minimum standards for "full warranties" and sets out the minimum remedies for breach. . . . Conversely, if a written warranty fails to meet the federal minimum standards, then the warrantor must conspicuously designate the warranty as "limited." 15 U.S.C.A. § 2303(a)(2).
>
> Consumers with full warranties are entitled to special remedies for violations of the Act. Only in the case of a "full warranty," when the consumer product is defective, malfunctions or fails to conform with the written warranty, the warrantor is required to provide a full refund of the purchase price or the replacement of the product if the defect cannot be remedied after a reasonable number of attempts. 15 U.S.C.A. § 2304(a)(1), (4); *see also* 15 U.S.C.A. § 2303; *see generally MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1167 (5th Cir. 1979) ("The remedies set forth in [15 U.S.C.A. § 2304] are applicable only to 'full' warranties.").
>
> By definition, no federal minimum standards apply to a limited warranty; thus, limited warrantors are not obligated to provide consumers with the minimum remedies found in § 2304. See generally 15 U.S.C.A. §§ 2303-2304. Instead, actions for breach of limited or implied warranties are governed by state laws. *See id.*; *MacKenzie*, 607 F.2d

> at 1167; *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (Consumers may enforce written and implied warranties under the Act in federal court, "borrowing state law causes of action."); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998). Therefore, from the consumer's perspective, "The chief advantage of proceeding under the Magnuson-Moss Act for breach of limited warranty or breach of implied warranty is the availability of attorney fees to a prevailing consumer under 15 U.S.C. § 2310(d)(2)." *Mayberry v. Volkswagen of Am., Inc.*, 278 Wis.2d 39, 692 N.W.2d 226, 232 (2005).

An action by a consumer for damages under the MMWA may be filed in either state or federal court. *See* 15 U.S.C. § 2310(d)(1). "Such a suit, however, is not appropriately brought in a United States district court . . . 'if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all [warranty] claims to be determined in this suit.'" *Misel v. Mazda Motor of America, Inc.*, 420 Fed.Appx. 272, 273 (4th Cir. 2011) (per curiam) (quoting 15 U.S.C. § 2310(d)(3)(B)). In other words, a federal district court has subject matter jurisdiction over an MMWA claim only where a minimum of $50,000 is at stake. *See Collins v. Computertraining.com, Inc.*, 376 F.Supp.2d 599, 602 (E.D.Va. 2005) ("attorney's fees and costs may not be used to satisfy the jurisdictional amount . . . [and] pendent state law claims cannot be used to fulfill the jurisdictional amount";

7

rather, "Plaintiffs must be seeking $50,000 in damages for breach of warranty under the MMWA").

The propriety of Defendant's removal turns on whether the amount in controversy as to Plaintiffs' MMWA claim meets or exceeds $50,000. As noted, the amount requested in the complaint generally determines the amount in controversy. *See Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp.2d 506, 508-09 (D.Md. 2002). Applying the well-pleaded complaint rule here, as Defendant does in its notice of removal, it appears that the jurisdictional minimum is satisfied: Plaintiffs seek "an amount equal to the price of the subject vehicle [*i.e.*, $62,315.00], plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs." (ECF No. 2, at 7). Indeed, the base price of the vehicle alone exceeds $50,000, as demonstrated by the bill of sale attached to the complaint. (ECF No. 2-1).

In moving to remand, however, Plaintiffs argue that they cannot recover that amount on their MMWA claim because "the standard measure of damages is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." (ECF No. 15 ¶ 13 (internal marks omitted)). For reasons unknown, they cite a Pennsylvania statute and cases interpreting it as support for this proposition, but virtually identical

language is set forth in § 2-714(2) of the Commercial Law Article of the Maryland Code and has been applied by Maryland courts. *See*, *e.g.*, *Lloyd v. General Motors Corp.*, 397 Md. 108, 160 (2007) ("the damages are the difference between what the buyer would have received if he or she received the full measure of the bargain, which the seller warranted, and what the buyer received in less-than-fit goods").[3]

As the Court of Special Appeals explained in *Laing*, this argument potentially has merit if the warranty in question is a limited warranty. *See Zitterbart v. American Suzuki Motor Corp.*, 182 Md.App. 495, 515 (2008) ("when a consumer is the beneficiary of a limited warranty, . . . an [MMWA] claim merely is a means for the consumer to pursue the substantive warranty remedies in the Maryland Commercial Code"). Although the complaint does not indicate the type of warranty involved in this case, aside from the fact that it is express rather than implied, the parties appear to agree that Plaintiffs' warranty is a limited warranty. (*See* ECF No. 8, Defendant's answer, at ¶ 3 (acknowledging that it "extends a New Vehicle Limited Express Warranty to purchasers of new Ford vehicles"); (ECF No. 15,

---

[3] Section 2-714(2) provides that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

9

Plaintiffs' motion to remand, at ¶ 16 ("Plaintiff cannot receive a repurchase under the Magnuson-Moss Act as [their] claim pertains to a limited warranty rather than a full warranty"). Thus, the remedies for breach of warranty set forth under state law apply.

The record in this case does not permit a determination of whether the value difference between the vehicle as warranted and the vehicle Plaintiffs received exceeds $50,000, and Plaintiffs may be able to recover incidental and consequential damages as well. *See* Md. Code Ann., Comm. Law §§ 2-714(3); 2-715. It suffices for present purposes, however, that there is a question as to whether the amount in controversy requirement is met. Indeed, Plaintiff's counsel's affidavit, purporting to promise to remit any recovery above $50,000 to Defendant, tacitly acknowledges that a recovery above the jurisdictional threshold is possible. As noted, on a motion to remand, unless it appears to a "legal certainty" that a plaintiff cannot recover above the jurisdictional threshold, the amount sought in the complaint suffices for the question of removal jurisdiction. Despite the fact that Defendant has not responded to Plaintiffs' motion, it appears that removal, predicated on the amount sought in the complaint, was proper.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

11